UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEALER COMPUTER SERVICES, INC.,

    Plaintiff,

v.

CHAMPION FORD, ET AL.,

    Defendants.
                                      /

Case No. 07-13174

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE
ARBITRATION PANEL'S "CLAUSE CONSTRUCTION" AWARD [1]**

In June 2007, a three-arbitrator panel of the American Arbitration Association ("AAA") issued a clause construction award concluding that the parties' arbitration agreement permits Defendants' arbitration to proceed as a class. (Defs.' Resp., Ex. A, Award at 9.) Plaintiff Dealer Computer Services, Inc. ("DCS") then filed this action. The matter is now before the Court on Plaintiff's motion to vacate the clause construction award. It presents two key issues: (1) whether the Court, rather than the arbitrators, has authority to decide whether Defendants' arbitration may proceed as a class; and (2) whether grounds exist to vacate the arbitration panel's clause construction award.

For the reasons stated below, this Court DENIES Plaintiff's motion to vacate.

**I.    Facts**

Defendants are Ford Dealers from all parts of the Country. On September 5, 2006, Defendants, who include Champion Ford Lincoln Mercury, Inc. and 50 other members of

the Ford Dealer Development Program, filed a Demand for Class Arbitration against Plaintiff with the AAA, seeking to arbitrate the underlying dispute as a class rather than individually.[1] On June 6, 2007, a three-arbitrator panel of the AAA determined that Defendants could arbitrate as a class, leading to the instant proceeding before this Court.[2]

The arbitration clauses at issue, subject only to certain specifically enumerated exceptions not relevant here, broadly provide that:

> all disputes, claims, controversies and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement, or to the breach thereof, including any claim in which either party is demanding monetary damages of any nature including negligence, strict liability or intentional acts or omissions by either party, and which cannot be resolved by the parties, shall be settled by arbitration in accordance with the arbitration procedure described below.

(Pl.'s Mot., Ex. 4, Contract, § 17, pp. 13-14)[3]

---

[1] The underlying arbitration concerns Defendants' claim that Plaintiff misrepresented its ability to adequately provide contracted services as well as the actual qualities and capabilities of the computerized parts data and related computer equipment sold to them.

[2] In addition to the *Champion Ford* arbitration proceeding, two additional proceedings were filed against Plaintiff with the AAA: (1) *Dub Herring Ford, Inc., et al. v. Dealer Computer Services, Inc.*, Case No. 11 181 0111906, filed May 12, 2006; and (2) *Fox Valley Ford, et al. v. Dealer Computer Services, Inc.*, Case No. 11 117 01935 06, filed September 5, 2006. In each of those arbitration proceedings, the panel issued a clause construction award determining that the claimants could arbitrate as a class, leading to proceedings before this Court. *See Dub Herring Ford, Inc. v. Dealer Computer Services, Inc.*, 489 F. Supp. 2d 772, 774 (E.D. Mich. 2007); *Fox Valley Ford, et al. v. Dealer Computer Services, Inc.*, Case No. 07-15192, Pl.'s Mot. to Vacate. In *Dub Herring Ford*, this Court issued an order denying Plaintiff's motion to vacate the clause construction arbitration award. A hearing date has not yet been set for Plaintiff's motion in *Fox Valley* filed on December 6, 2007.

[3] The language in the short form arbitration clause is identical. (Pl.'s Mot., Ex. 5, Contract, § 17 at 7.)

## II. Standard of Review

"[C]ourts play only a limited role when asked to review the decision of an arbitrator." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987).

> [I]f an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000) (quoting *Misco, supra*, at 38). It is only when the arbitrator strays from interpretation and application of the agreement and effectively "dispense[s] his own brand of industrial justice" that his decision may be unenforceable. *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's "improvident, even silly, factfinding" does not provide a basis for a reviewing court to refuse to enforce the award. *Misco*, 484 U.S. at 39.

*Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

## III. ANALYSIS

### A. Clause Construction Award

Plaintiff argues that this Court should vacate the arbitration panel's clause construction award because (1) the Court, rather than the arbitrators, must decide whether Defendants' arbitration was allowed to proceed as a class; and (2) additional grounds exist to vacate the arbitration panel's clause construction award. The Court addresses each of these arguments in turn.

#### 1. The Arbitrators Properly Determined Whether Class Arbitration Was Permitted

Plaintiff incorrectly identifies the core issue in its motion as one of substantive arbitrability. Plaintiff is not challenging the root question of whether the parties agreed to arbitrate at all, which would involve an issue of arbitrability for the Court. Rather, Plaintiff seeks review of the arbitration panel's decision regarding the *form* such arbitration will take;

i.e., as a class action, when the arbitration agreement is silent on this point. The Supreme Court has determined that this question is to be decided by the arbitrator, not the Court.

After the Supreme Court's decision in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 447 (2003), it is clear that an arbitrator must make the initial decision whether to permit class arbitration when the subject agreement is silent on this point.[4] As the Court explained, when the parties have broadly agreed to arbitrate *all* disputes, claims, or controversies arising from *or* relating to their contract *or* the relationships which resulted from their contract, "the question – whether the agreement forbids class arbitration – is for the arbitrator to decide." *Id.* at 451. It reasoned as follows:

> [T]he dispute about what the arbitration contract in each case means (*i.e.*, whether it forbids the use of class arbitration procedures) is a dispute "relating to this contract" *and* the resulting "relationships." Hence the parties seem to have agreed that an arbitrator, not a judge, would answer the relevant question. (citation omitted). And if there is doubt about that matter – about the "'scope of arbitrable issues'" – we should resolve that doubt "'in favor of arbitration.'" *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

*Id.* at 451-52 (emphasis added).

The same reasoning and result apply here. The Plaintiff and Defendants broadly agreed to arbitrate "*all* disputes, claims, controversies and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement, or to the breach thereof. . . ." (Pl.'s Mot., Ex. 4, Contract, § 17, pp. 13-14 (emphasis added).) Their dispute about what the arbitration clause means; i.e., whether it forbids class

---

[4]Despite the fact that *Bazzle* was a plurality decision, this represents an accurate holding of the Court because Justice Stevens' concurrence states that "[a]rguably, the interpretation of the parties' agreement should have been made in the first instance by the arbitrator, rather than the court." 539 U.S. at 455 (Stevens, J., concurring in the judgment and dissenting in part).

4

arbitration, is a dispute "arising out of", or "relating to" their Agreement and thus is a question for the arbitrator to decide. In fact, at the arbitration proceeding, Plaintiff agreed with Defendants that the question "whether the arbitration agreement prohibits or permits class arbitration is a decision for the arbitrator. . . ." (Defs.' Resp., Ex. A, 6/6/07 Arb. Award at 6.)

Plaintiff's reliance on *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002), for a contrary result is misplaced. The Court in *Bazzle* considered and rejected the argument that questions concerning whether a contract "forbid[s] class arbitration" fall within the narrow exceptions discussed in *Howsam* where the courts would "assume that the parties intended courts, not arbitrators, to decide a particular arbitration-related matter." *Bazzle*, 539 U.S. at 452.

As the *Bazzle* Court observed, while there are certain limited circumstances where gateway matters are to be addressed by a judge rather than an arbitrator, "[t]he question here – whether the contracts forbid class arbitration – does not fall into this narrow exception." *Id.* at 452. "It concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties. Unlike *First Options [of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)], the question is not whether the parties wanted a judge or an arbitrator to decide *whether they agreed to arbitrate a matter*. 514 U.S. at 942-945. Rather the relevant question here is what *kind of arbitration proceeding* the parties agreed to. That question . . . concerns contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question." *Id.* at 452-53.

Despite Plaintiff's arguments to the contrary, the AAA arbitration panel was the proper authority to decide the question whether the parties' contracts forbid class arbitration.

Accordingly, this is not a proper ground for vacating the panel's clause construction arbitration award.

The Court now considers Plaintiff's additional arguments why the award should be vacated.

**2. Plaintiff Has Not Met Its Burden on Motion to Vacate**

The Federal Arbitration Act, 9 U.S.C. § 10, *et seq.*, governs arbitration agreements affecting commerce and specifies the very limited reasons allowing a court to vacate an arbitration award. In relevant part, the statute provides that:

> the United States court in and for the district wherein the [arbitration] award was made may make an order vacating the award upon the application of any party to the arbitration–
>
> * * *
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(4).

At least one circuit court has "held that arbitrators 'exceed their powers' in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (internal citations omitted). The Sixth Circuit has been willing to assume, for sake of argument, "that an arbitrator can exceed his powers in violation of § 10(a)(4) by failing to fulfill his obligations" under the arbitration agreement, but it is not necessary for the arbitrator to go so far as to completely "overstep[] the bounds of his authority." *Green v. Ameritech Corp.*, 200 F.3d 967, 975 n.6 (6th Cir. 2000).

Review of an arbitrator's award is governed by "one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of Am.*, 913 F.2d 1166, 1169 (6th Cir. 1990). "[C]ourts must accord an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed." *Beacon Journal Publ'g Co. v. Akron Newspaper Guild, Local No. 7*, 114 F.3d 596, 599 (6th Cir. 1997). "[I]f an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Major League Baseball Players Ass'n*, 532 U.S. at 509 (internal citations omitted).

Plaintiff provides numerous arguments why it believes the arbitration panel's clause construction award was wrongly decided. Noticeably absent from Plaintiff's briefs, however, is any discussion of the highly deferential standard of review that this Court employs when considering a motion to vacate an arbitration award or the statutory grounds allowing this Court to vacate the arbitration award.

A comparative review of Plaintiff's pleadings and the arbitration panel's opinion (Defs.' Resp., Ex. A) confirms that Plaintiff is merely re-litigating arguments that the arbitration panel considered and rejected, including the view that the applicable agreements do not provide for class arbitration of these disputes. As noted above, however, the applicable standard of review precludes this Court from reconsidering Plaintiff's arguments here. Whether this Court agrees with the arbitration panel's interpretation of the parties' agreements or not is irrelevant. The only factor that matters at this stage of the proceedings is whether Plaintiff has met the relevant standards necessary for this Court to

overturn the arbitration award under 9 U.S.C. § 10(a)(4), and the Court finds that Plaintiff has not satisfied its high burden in this regard.

### B. Dominant Jurisdiction Arguments

Plaintiff also invokes the concepts of "dominant jurisdiction" and "first to file" that are designed to avoid duplicative litigation and the interests of judicial economy and argues that the *Champion Ford* arbitration panel, instead of issuing the clause construction award, should have stayed the *Champion Ford* arbitration proceeding pending final adjudication of the first-filed *Dub Herring Ford* arbitration proceeding. Plaintiff seeks to re-litigate here arguments addressed by the *Champion Ford* arbitration panel in a May 25, 2007 Order. (Defs.' Resp., Ex. E, 5/25/07 Order concerning DCS's dominant jurisdiction motion.) That panel ruled that (1) "[t]o the extent that DCS suggests that the Panel has no jurisdiction at all in this proceeding, the motion is denied;" and (2) a decision on DCS's request for a stay of the *Champion Ford* arbitration proceeding pending the outcome of *Dub Herring* arbitration proceeding "is reserved pending a decision by the *Dub Herring* Panel on the class certification issues." (*Id.* at 2.)

To the extent Plaintiff is asking this Court to vacate the *Champion Ford* panel's dominant jurisdiction order, that relief is denied. Once again Plaintiff provides numerous arguments why it believes the arbitration panel's decision was incorrect. Noticeably absent, however, is any discussion of the highly deferential standard of review that this Court employs when considering a motion to vacate or the statutory grounds that allow this Court to vacate.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion to vacate is DENIED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: January 24, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 24, 2008, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager